IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALEJANDRO MARTINEZ HUITRON, | : | CIVIL ACTION NO. |
| GDC ID # 1000953289, Case # 764579, | : | 1:16-CV-00585-TWT-JSA |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC SELLERS, | : | HABEAS CORPUS |
| Respondent. | : | 28 U.S.C. § 2254 |

## MAGISTRATE JUDGE'S ORDER AND
## FINAL REPORT AND RECOMMENDATION

Petitioner, a Georgia prisoner, has filed a 28 U.S.C. § 2254 habeas corpus petition to challenge his November 2, 2012 convictions in the Superior Court of Clayton County for aggravated assault, aggravated battery and cruelty to children, and his resulting 50-year term of imprisonment, which he will serve consecutively to his two life sentences without parole for his Clayton County malice murder convictions. (Docs. 17, 18). Petitioner states that he filed a motion for new trial, which was denied on December 11, 2015, and that his appeal from that denial is now pending in the Supreme Court of Georgia. (Doc. 17 at 2). Petitioner states that he filed three other pleadings in the trial court in February and March 2016, seeking to overturn his convictions, and he has appealed their denial, not in the state courts of Georgia, but in this Court instead. (*Id.* at 2-4).

The Clerk docketed Petitioner's original pleading in this case on February 24, 2016. (Doc. 1). On March 10, the Court ordered Petitioner to either pay the filing fee or submit a financial affidavit and to file a proper habeas corpus petition within 21 days. (Doc. 8). Petitioner filed numerous motions both before and after that order was entered. (Docs. 2-7, 9-13, 15). On April 13, the Court ordered Petitioner to either comply with its previous order or show cause why this case should not be dismissed. (Doc. 14). On April 29, Petitioner filed an affidavit, habeas corpus petition and letter explaining his circumstances. (Docs. 16-18). Petitioner did not sign his petition. (*See* Doc. 17 at 9).

Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when the petition "appears legally insufficient on its face"). A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). And a petitioner "shall not be deemed to have exhausted" the

2

available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (same).

It is apparent from the face of Petitioner's habeas corpus petition (Doc. 17) that before initiating this action, he did not exhaust the state court remedies that are available to him with respect to his federal habeas claims.[1] Petitioner's direct appeal is still pending, and he has not completed one round of the State's established appellate review process with respect to any other pleading he has filed in state court seeking to overturn his convictions. Petitioner's federal habeas petition is therefore due to be dismissed for lack of exhaustion.

And Petitioner is not entitled to a certificate of appealability ("COA"). When challenging detention arising out of process issued by a State court, a federal habeas petitioner must obtain a COA before appealing the denial of his petition. 28 U.S.C.

---

[1] Petitioner raises four claims in his petition: two claims of ineffective assistance of counsel, without providing specifics; insufficiency of the evidence; and a vindictive-prosecution claim based on "bogus charges." (Doc. 17 at 6).

3

§ 2253(c)(1)(A).  A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* . . . whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quotations omitted).  Because jurists of reason would agree, and not find it debatable, that Petitioner's federal habeas petition should be dismissed for lack of exhaustion, a certificate of appealability is not warranted here.

**Conclusion**

**IT IS THEREFORE RECOMMENDED** that Petitioner's 28 U.S.C. § 2254 habeas corpus petition (Doc. 17) be **DISMISSED without prejudice**; that his motions (Docs. 2-7, 9-13, 15) be **DENIED**; and that he be **DENIED** a certificate of

4

AO 72A
(Rev.8/82)

appealability. Petitioner's application for leave to proceed *in forma pauperis* (Doc. 16) is **GRANTED** for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO ORDERED and RECOMMENDED** this 16th day of May, 2016.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)